NEGIN NASIRI KENARI

Pro Se Plaintiff

1281 9th Ave Unit 1102, San Diego, CA 92101

Telephone Phone: 858-392-2028

Email: negink21@icloud.com

**FILED**

Aug 05 2026

**CLERK, U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
BY        s/ GW        **DEPUTY**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEGIN NASIRI KENARI,<br>                                          Plaintiff,<br>v.<br>United States Department of the Navy,<br>                                          Defendant. | Case No.:  **'26CV4476 CAB MMP**<br><br>Freedom of Information Act |

# RELATED CASES

- Do you have other Civil Case(s) in this or any other federal court? Yes

3:25-cv-01959

3:26-cv-01630

3:25-cv-01981

3:26-cv-01772

1

# STATEMENT OF CLAIM

On July 9, 2025, Plaintiff submitted an initial Freedom of Information Act ("FOIA") request to the Department of the Navy. Plaintiff did not receive any response or follow-up to that request. On September 25, 2025, Plaintiff contacted the Office of Government Information Services ("OGIS") Ombudsman for assistance regarding the status of the request. OGIS provided Plaintiff with the contact information for Navy FOIA representative Christopher Julia, who instructed Plaintiff to submit FOIA requests through the SecureRelease portal (www.securerelease.us). Following those instructions, Plaintiff submitted three additional FOIA requests, assigned Request Nos. 2026-NavyFOIA-005186.( 02/25/2026) ; 2026-NavyFOIA-007652. (05/07/2026); 2026-NavyFOIA-007654. (05/07/2026). The Department of the Navy subsequently failed to follow up on multiple requests and appeals. The appeal that was granted on July 2nd ( 2026_NAVYAPPEAL-000386) had no follow through; it was issued by the Navy Personnel Command. After that granted appeal the Navy did not follow up with production of responsive records. No follow up was every given for appeal related to NavyFOIA-007654.

Exhibit A: FINAL AGENCY DECISION FOIA APPEAL FOR REQUEST 005186
Exhibit B: APPEAL GRANTED FOR REQUEST 007652

I declare under penalty of perjury that the foregoing is true and correct.

Negin Nasiri Kenari

August 5th, 2026

# EXHIBIT A



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON NAVY YARD DC 20374-5066

5720
Ser 14/F411
July 13, 2026

**SENT VIA E-MAIL**
Ms. Negin Nasiri Kenari, PharmD
1281 9ᵗʰ Ave
San Diego, California, 92101
Negink21@icloud.com

SUBJECT: FREEDOM OF INFORMATION ACT (FOIA)/PRIVACY ACT (PA) REQUEST
2026-NAVYFOIA-005186; FOIA/PA APPEAL 2026-NAVYAPPEAL-     000333

This letter responds to your May 11, 2026, FOIA/PA appeal, which was received by my office on that date, and assigned tracking number 2026-NavyAPPEAL-000333. Your underlying request was submitted to the Office of Naval Intelligence (ONI), the initial denial authority (IDA), February 25, 2026, and assigned tracking 2026-NavyFOIA-005186. In your request, you sought all "records, reports, communications, files or other materials maintained by [the] agency pertaining to [you]." You specified that you sought "surveillance or monitoring records, investigative reports or complaints, intelligence or security related information, [and] any and all files referencing [your] name or personal information." You also requested "any information about your "ex-fiancé [Mr.] Jacob Michael Conrad."

The IDA issued its final disposition of your request on May 5, 2026, denying your request and informing you that it did not have records responsive to your FOIA/PA request.

You now appeal the IDA's final disposition, requesting "reconsideration and a more thorough search for responsive records relating to surveillance, monitoring, investigative materials, communications, or other records referencing [you] and Jacob Michael Conrad, including records maintained by ONI, NCIS, Navy Inspector General, or related Navy offices." You also requested "clarification regarding the scope of the search performed and whether any records were withheld, referred, or excluded."

Your appeal is a request for a final agency determination under the FOIA/PA. For the reasons stated below, your appeal is denied.

## I.    ADEQUACY OF THE SEARCH

Although the PA does not expressly include a right to challenge the adequacy of an agency's search, to the extent such challenges have been permitted, courts typically apply the same standard as when reviewing a FOIA adequacy of search challenge. *See Chambers v. Interior*, 568 F.3d 998 (D.C. Cir. 2009); *cf. Schulze v. FBI*, No. 1:05-CV-0180, 2010 WL 2902518, at *15 (E.D. Cal. July 22, 2010) ("While the court is of the opinion that there exists some doubt that Congress intended that the Privacy Act provide civil remedies for an agency's failure to

5720
Ser 14/F411
July 13, 2026

adequately search its files, . . . [t]he court, in the interests of giving fullest consideration to Plaintiff's claims, will follow Chambers and apply FOIA standards to Plaintiff's failure to search claims to the extent those claims are asserted under the Privacy Act.").

Under the FOIA, the adequacy of an agency's search for information requested is determined by a "reasonableness" test. *Morley v. CIA*, 508 F.3d 1108, 1114 (D.C. Cir. 2007) ("'The court applies a 'reasonableness' test to determine the 'adequacy' of a search methodology, consistent with congressional intent tilting the scale in favor of disclosure'") (quoting *Campbell v. DOJ*, 164 F.3d 20, 27 (D.C. Cir. 1998)); *see also Davis v. DOJ*, 460 F.3d 92, 103 (D.C. Cir. 2006) ("The 'adequacy of an agency's search is measured by a standard of reasonableness, and is dependent upon the circumstances of the case.'") (quoting *Schrecker v. DOJ*, 349 F.3d 657, 663 (D.C. Cir. 2003)). As a general rule, an agency must undertake a search "using methods which can be reasonably expected to produce the information requested." *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). Courts have found agencies satisfy the "reasonableness" test when they properly determine where responsive records are likely to be found and search those locations. *Lechliter v. Rumsfeld*, 182 F. App'x 113, 115 (3rd Cir. 2006) (concluding that agency fulfilled duty to conduct a reasonable search when it searched two offices that it determined to be the only ones likely to possess responsive documents (citing *Oglesby*, 920 F.2d, 68); *McKinley v. Bd. of Governors of the Fed. Reserve Sys.*, 849 F. Supp. 2d 47, 55–56 (D.D.C. 2012) (concluding that agency's search was reasonable because agency determined that all responsive records were located in a particular location created for express purpose of collecting records related to subject of request and searched that location).

## II.    SCOPE OF REQUEST AND APPEAL

Under the FOIA's administrative appeal provision, a requester has the right to administratively appeal any adverse determination an agency makes on their FOIA request. *See* 5 U.S.C. § 552(a)(6)(A). Administrative appeals provide agencies with opportunities to review their initial actions taken in response to FOIA requests and determine whether corrective steps are necessary. *See Oglesby*, 920 F.2d at 61 (recognizing that exhaustion of the administrative appeal process "allows the top managers of an agency to correct mistakes made at lower levels and thereby obviates unnecessary judicial review" (citing *McKart v. United States*, 395 U.S. 185, 194 (1969)). Although failure to file an administrative appeal is not normally an absolute bar to judicial review, the Court of Appeals for the District of Columbia Circuit has held that exhaustion of the administrative appeal process is "'generally required before filing suit in federal court.'" *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003) (quoting *Oglesby*, 920 F.2d at 61); *see also Williams v. VA*, 510 F. Supp. 2d 912, 921 (M.D. Fla. 2007) (finding that plaintiff's failure to administratively appeal precludes plaintiff from obtaining relief because "the requirement of exhaustion of administrative remedies prior to seeking redress in federal court, allows an agency to correct possible mistakes and alleviate the need for judicial review of the same").

It is a well-established principle that *a requester may not expand the scope of their initial*

2

5720
Ser 14/F411
July 13, 2026

***request for the first time during the administrative appeal process***. To do so would not permit the agency to independently assess the decision made by the IDA. As a result, when a requester includes supplemental requests in an appeal that were not part of the initial FOIA application, the agency is not required to consider those requests. *See Arden v. United States*, No. 13-3657, 2014 U.S. Dist. LEXIS 87608, at *11 (E.D. Pa. June 27, 2014) (affirming OIP's decision not to consider FOIA requests made for the first time during the administrative appeal process and that were not part of the requester's initial FOIA application). ***Instead, such new matters constitute a new FOIA request that must be submitted and processed separately at the initial level.***

## III.    ANALYSIS

### A.    ADEQUACY OF THE SEARCH

After receiving your appeal, my office contacted the IDA regarding the processing of your FOIA/PA request and the search conducted for the responsive records. The IDA informed my office that it conducted a search using the names "Negin Nasiri Kenari" and "Jacob Michael Conrad" in the databases of three departments within ONI. The Human Resource/Administration Department searched their personnel database, Defense Civilian Personnel Data System (DCPDS), and did not find any records for either name. The ONI Legal Department utilized the same search parameters to search its database, including its share drive and SharePoint. This search yielded no results. The ONI Security and Law Enforcement Department searched its local security access databases and records, including badging records, and no records were found for either name. As the IDA informed you in its letter of May 5, 2026, it "does not collect information on U.S. persons, and has no personnel records except for those of current employees."

I find that the IDA's search was adequate. The IDA conducted a search of the locations most likely to contain potentially responsive records. The IDA used the search parameters that you provided. This search term would have identified the type of records you sought. Unfortunately, as the IDA informed you, the IDA did not locate any responsive records. An agency's inability to locate a responsive record does not undermine an otherwise reasonable search. *Moore v. FBI*, 366 F. App'x 659, 661 (7th Cir. 2010) (noting that, although agency had years earlier destroyed some potentially responsive records, that fact does not invalidate the search). Additionally, the mere speculation that requested documents exist does not undermine the finding that the agency conducted a reasonable search. *Wilbur v. C.I.A.*, 355 F.3d 675, 678 (D.C. Cir. 2004) ("Likewise, the agency's failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records."). Accordingly, your appeal regarding the adequacy of the search at the time of the initial request is denied.

### B.    SCOPE OF REQUEST AND APPEAL

To the extent you challenge the adequacy of the search by arguing that other offices should have been searched, your appeal is denied. In your original request, you did not name any

3

5720
Ser 14/F411
July 13, 2026

specific agency components. Your request was submitted in SecureRelease to the IDA specifically. Based on the subject matter of what you sought ("surveillance or monitoring . . . intelligence or security related information . . ."), it was reasonable for the IDA to interpret your FOIA request as a request for only records under its control. No other agency components were specifically mentioned. While I can determine the adequacy of the search by the IDA as per your initial request, I cannot extend evaluate its search against two components that you did not mention in your original request and that were only referenced for the first time on appeal (i.e. NCIS and the Navy Inspector General). Accordingly, I have evaluated the adequacy of the search conducted based on what was in your request at the time it was made. (i.e. limited to ONI as the desired records custodian).

In your appeal, you are asking for the first time to specifically include other components such as NCIS and the Navy Inspector General. This expanded search request is more appropriate as a second FOIA request, not an appeal. Accordingly, my staff have forwarded your request to NCIS. The Navy Inspector General's FOIA office informed my staff that it had previously processed a FOIA request for you under 2026-NavyFOIA-007654. Accordingly, a referral is not being made to that office. You can contact NCIS's FOIA office by e-mail at ncis_foia@ncis.navy.mil. NCIS will assign new tracking numbers for its responses to your new FOIA/PA request.

As the Department of the Navy's designated adjudication official for this FOIA/PA appeal, I am responsible for its denial. You may seek judicial review of this decision by filing a complaint in an appropriate U.S. District Court. My office represents the U.S. Government and is therefore unable to assist you in this process.

You have the right to seek dispute resolution services by contacting the Department of the Navy's FOIA public liaison, Mr. Christopher Julka, by e-mail at christopher.a.julka@navy.mil or by telephone at (703) 697-0031. You may also seek dispute resolution services from the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, by telephone at (202) 741-5770 or by e-mail at ogis@nara.gov.

***Lastly, since you mentioned litigation, I want to inform you that it is Department of the Navy policy to make factual official information reasonably available for use in state courts, unless the information is classified, privileged, or otherwise protected from public disclosure. See SECNAVINST 5820.8A ch-1. In most instances involving state court litigation, a valid court order for official information appropriately served upon the Navy's Office of the General Counsel will allow disclosure. Id. For amplifying information on this process, please see enclosures (1) and (2).***

4

5720
Ser 14/F411
July 13, 2026

If you have further questions or concerns, my point of contact is Lieutenant Commander Greggary Lines, Judge Advocate General's Corps, U.S. Navy, who may be reached by telephone at (202) 685-5272 or by e-mail at greggary.e.lines.mil@us.navy.mil.

Sincerely,

J. E. LOFTUS-WILLIAMS
Commander, Judge Advocate General's Corps,
U.S. Navy
Director, General Litigation Division

Encl.: 1. SECNAVINST 5820.8A ch-1
       2. TOUHY Regulations for Requesters

Copy to:
DON CIO
DNS-36
ONI
NCIS
NAVIG

5

# EXHIBIT B



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON NAVY YARD DC 20374-5066

5720
Ser 14/F398
July 2, 2026

***SENT VIA E-MAIL***
Ms. Negin Nasiri Kenari
1281 9th Ave
San Diego, CA 92101
negink21@icloud.com

SUBJECT:  FREEDOM OF INFORMATION ACT (FOIA) REQUEST 2026-NAVYFOIA-
007652; FOIA APPEAL 2026-NAVYAPPEAL-000386

This letter responds to your June 9, 2026, FOIA appeal, which was received by my office on that date and assigned tracking number 2026-NavyAPPEAL-000386.  Your underlying request was submitted to the Bureau of Naval Personnel, the initial denial authority (IDA), on May 7, 2026, and assigned tracking number 2026-NavyFOIA-007652.  In your request, you sought "records, communications, reports, investigative files, intelligence records, complaints, e-mails, memoranda, case files, electronic records, metadata, surveillance records, monitoring records, interviews, photographs, audio recordings, video recordings, and other materials referring or relating" to you.  You also requested, "any investigation, inquiry, monitoring, surveillance, assessment, or intelligence activity concerning [you]; Communications mentioning [you] ; Any records referencing Jacob Michael Conrad in connection with [you]; Any coordination, referrals, or communications involving NCIS, the Department of the Navy, ONI, or other federal agencies relating to [you]."

The IDA issued its final disposition of your request on June 5, 2026, denying your request as being "for litigation purposes."

You now appeal the IDA's final disposition, contending that "the existence of litigation or the possibility that requested records may be relevant to litigation, is not a valid basis to deny a FOIA request."

Your appeal is a request for a final agency determination under the FOIA.  For the reasons stated below, your appeal is granted.

Following receipt of your appeal, my office contacted the IDA regarding your FOIA request. The IDA informed my office that it agreed to a voluntary remand to further review the request. Accordingly, your appeal is granted and remanded to the IDA for further action.

By copy of this letter, I am directing the IDA to conduct a secondary review of your request and to issue an updated final determination within 20 working days of the date of this letter.  If the IDA is unable to complete its review of the request and or any records potentially responsive to the request within that time, then I am directing the IDA to provide you a status update, and/or

5720
Ser 14/F398
July 2, 2026

a rolling release of documents to you, as of the date of the 20-working-day deadline after this letter. The IDA shall make subsequent releases or updates to you every 15 working days thereafter. Please direct any inquiries regarding the status of the IDA's update and/or production to the IDA. Upon the IDA's final response to you, if you are dissatisfied with the response, you retain the right to appeal that response to this office on whatever grounds you deem appropriate.

You have the right to seek dispute resolution services by contacting the Department of the Navy's FOIA public liaison, Mr. Christopher Julka, by e-mail at christopher.a.julka@navy.mil or by telephone at (703) 697-0031. You may also seek dispute resolution services from the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, by telephone at (202) 741-5770 or by e-mail at ogis@nara.gov.

If you have further questions or concerns, my point of contact is Lieutenant Commander Greggary Lines, Judge Advocate General's Corps, U.S. Navy, who may be reached by telephone at (202) 685-5272 or by e-mail at greggary.e.lines.mil@us.navy.mil.

Sincerely,

J. E. LOFTUS-WILLIAMS
Commander, Judge Advocate General's Corps,
U.S. Navy
Director, General Litigation Division

Copy to:
DON CIO
DNS-36
BUPERS

2